FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 03 2013

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

P. S. PRODUCTS, INC.,
BILLY PENNINGTON, Individually                                    PLAINTIFFS

v.                                    No. CV- 2013-_____

4:13-CV-196 JMM

SC IMPORTS, LLC                                                    DEFENDANT

**COMPLAINT**    This case assigned to District Judge Moody
                 and to Magistrate Judge Deere

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW the Plaintiff, P.S. Products, Inc., and Mr. Billy Pennington, individually, hereafter "Plaintiffs," by and through its attorney, Chris H. Stewart of the Stewart Law Firm, files this Complaint against Defendant, SC Imports, LLC, hereafter "Defendant:"

### JURISDICTION AND VENUE

1. This Court retains jurisdiction as patent infringement raises a federal question and is proper under 28 U.S.C. § 1331.

2. Pursuant to 28 U.S.C. § 1391, venue in this suit lies in the Eastern District of Arkansas because the actions which gave rise to the claims presented in this complaint occurred in Little Rock, Arkansas, within the Eastern District of Arkansas.

3. Additionally, the Eastern District of Arkansas has personal jurisdiction of the Defendants. Defendants have maintained substantial, continuous and systematic contacts with the state of Arkansas through its business dealings with customers in Arkansas. Plaintiff and Defendant engaged in numerous business activities within the state of Arkansas including phone, fax, e-mail, and mail communications. Furthermore, Defendant marketed its services and

provided customer services to the state of Arkansas. *See* Ark. Code Ann. § 16-4-101 (1987); Ultimatics, Inc. v. Minimatic, Inc., 715 F. Supp. 1448 (E.D. Ark. 1989); and Ferrell v. W. Bend Mut. Ins. Co., 393 F.3d 786 (8th Cir. 2005).

4. Additionally, The Eastern District of California has personal jurisdiction of the Defendants because, among other things, Defendants are engaged in tortuous conduct within the state of Arkansas and in this District, including placing into commerce illegal copies of Plaintiffs' patented products via www.scimports.net and inducing third-parties to infringe upon the Plaintiffs' patented products.

## PARTIES RELEVANT TO
## PLAINTIFFS'COMPLAINT FOR PATENT INFRINGEMENT

5. This action is brought by P.S. Products, Inc., and its president, Mr. Billy Pennington, manufacturers of stun guns and other personal security devices, organized within the state of Arkansas with its principal headquarters at 3120 Joshua Street, Little Rock, AR 72204.

6. The Defendant is a manufacture and importer of goods from China and sells the goods as retail and wholesale nationwide. The Defendant is a corporation organized and existing in the state of South Carolina with business activities throughout the United States, on the World Wide Web and specifically in the state of Arkansas. The Defendant is headquartered at 134 Alexander Street, West Columbia, SC 29169.

## FACTS APPLICABLE TO CLAIMS IN
## PLAINTIFFS'COMPLAINT FOR PATENT INFRINGEMENT

7. The Plaintiffs specialize in the manufacture and distribution of stun guns, stun devices, gun cleaning kits, and other personal protection devices.

8. The Plaintiffs market and sale its patented products through trade specialty shows, sales associates, retail stores, catalogs and through internet distribution throughout the United States.

9. The Defendant is a manufacturer and importer of goods from China and sells the goods as retail and wholesale nationwide.

10. The Defendants own and operate the website www.scimports.net,

11. On February 5, 2008, United States Letters Patent No. US D602,663 S, were issued to the Plaintiffs for an invention for a gun cleaning kit.

12. The Plaintiffs owed the patent No. US D602,663 S throughout the period of the Defendants infringing acts and still owns the patent.

13. The Plaintiffs' products are one of a kind.

14. The Plaintiffs' designs are its own intellectual property. No goods of this design existed prior to the Plaintiffs' designs and patents.

15. The Plaintiffs are the only holder of patents on products of this kind in the United States.

16. On information and belief the Plaintiffs learned that the Defendants are selling an illegal copy of the Plaintiffs' product.

17. The Defendants currently sell the illegal products.

18. The Defendants have sold and continue to sell on their websites illegal copies of the Plaintiffs' patents and contributes to third parties selling illegal copies of the Plaintiffs' patents on its websites.

19. 35 U.S.C. § 271 states in part,

> "(a) Except as otherwise provided in this title [35 USCS §§ 1 et seq.], whoever without authority makes, uses, offers to sell, or sells any patented

3

invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent. (b) Whoever actively induces infringement of a patent shall be liable as an infringer."

20. The Defendant's actions have violated 35 U.S.C. § 271.

21. The Defendants, intentionally, willfully, and wantonly violated 35 U.S.C. § 271.

22. The Defendants without authority placed in the stream of commerce and offered to sell, the Plaintiffs' patented inventions, within the United States.

23. The Defendants without a licensed from the Plaintiffs placed in the stream of commerce and offered to sell, the Plaintiffs' patented inventions, within the United States.

24. The Defendants have induced individuals and companies to infringe on the Plaintiffs' patented products.

25. A person with an internet connection may find the Defendants' illegal product on the websites, www.scimports.net.

26. The Defendants' product ID for the illegal product is "KNUCKLES 7 MILLION VOLTS."

27. On November 4, 2012, the Defendants filled an order and shipped 50 of the illegal products that embodies the Plaintiffs patent to JLC Guns and Knives located at 6372 West Sunset, Springdale, AR 72762.

28. The Defendants directly infringed on the Plaintiffs' patents by importing and selling illegal products.

29. The Plaintiff has suffered lost of reasonable royalties and loss of profits by the Defendant's actions.

4

30. The Defendants have infringed and are still infringing the Letters of Patents Nos. US D602,663 S by selling the Stun Guns that embody the patented invention and the Defendants will continue to do so unless enjoined by this Court.

## COUNT I
## PATENT INFRINGEMENT

31. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 30 of the Plaintiffs' Complaint, inclusive.

32. The Plaintiffs are the owners of patent No. US D602,663 S.

33. Defendants directly infringed upon the rights of the Plaintiffs' patent No. US D602,663 S.

34. Defendants directly infringed on the Plaintiffs' patented stun gun No. D602,663 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. D602,663 S, entitled *"KNUCKLES 7 MILLION VOLTS,"* on the website www.scimports.net, which the Defendants own and operate.

35. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

36. As a direct and proximate cause of the infringement by Defendant, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, entitlement to the Defendant's profits that may be proper under 35 U.S.C. § 289 in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT II
## PATENT INFRINGEMENT

37. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 36 of the Plaintiffs' Complaint, inclusive.

38. The Plaintiffs are the owners of patent No. US D602,663 S.

39. Defendants directly infringed upon the rights of the Plaintiffs' patent No. US D602,663 S.

40. Defendants directly infringed on the Plaintiffs' patented stun gun No. D602,663 S by selling illegal copies of the Plaintiffs' patented stun gun No. D602,663 S, entitled "*KNUCKLES 7 MILLION VOLTS*," on November 4, 2012, the Defendants filled an order and shipped 50 of the illegal products that embodies the Plaintiffs patent to JLC Guns and Knives located at 6372 West Sunset, Springdale, AR 72762.

41. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

42. As a direct and proximate cause of the infringement by Defendant, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, entitlement to the Defendant's profits that may be proper under 35 U.S.C. § 289 in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT III
## PATENT INFRINGEMENT

43. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 42 of the Plaintiffs' Complaint, inclusive.

44. The Plaintiffs are the owners of patent No. US D602,663 S.

45. Defendants directly infringed upon the rights of the Plaintiffs' patent No. US D602,663 S.

46. Defendants directly infringed on the Plaintiffs' patented stun gun No. D602,663 S by selling illegal copies of the Plaintiffs' patented stun gun No. D602,663 S, entitled *"KNUCKLES 7 MILLION VOLTS."*

47. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

48. As a direct and proximate cause of the infringement by Defendant, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, entitlement to the Defendant's profits that may be proper under 35 U.S.C. § 289 in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendant, and each of them jointly and severally, as follows:

A. Judgment against the Defendants declaring that the Defendants' actions directly infringe on the Defendants' patents Nos. US D561, 294 S;

B. Plaintiffs' reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial;

C. Plaintiffs' entitlement to Defendant's profits with respect to each patent infringement in amounts to be proven at trial;

D.  Enhanced damages that may be proper under 35 U.S.C. § 284 with respect to each patent infringement for the Counter-Defendant's willful infringement;

E.  A declaration that the Plaintiffs' case against the Defendants is an exceptional case pursuant to 35 U.S.C. § 285 and therefore subject to attorneys' fees;

F.  An award of costs and attorneys' fee to the Defendants; and,

G.  Such other relief as the Court deems just and reasonable.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all claims averred herein that are triable by jury.

Dated: April 3, 2013

STEWART LAW FIRM

By: Chris H. Stewart
Ark. Bar No. 03-222
Attorney for Plaintiff
904 Garland Street
Little Rock, AR 72201
Phone: 501-353-1364
Fax:   501-353-1263
Email: arklaw@comcast.net